# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PAUL CHARLES PETERS,

        Plaintiff,

v.

ROB JEFFORDS, *et al.*,

        Defendants.

Case No. 4:24-cv-00021-SLG

## SCREENING ORDER

On August 21, 2024, self-represented prisoner Paul Charles Peters ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff's claims relate to events that allegedly occurred while he was serving a sentence at the Fairbanks Correctional Center ("FCC") in the custody of the Alaska Department of Corrections ("DOC"). Plaintiff's Complaint alleges that he was released from DOC custody on the date of his injury, but he appears to have been incarcerated, or reincarcerated, at FCC at the time he filed this case.[2] Plaintiff was transferred to the Anchorage Correctional Complex ("ACC") in December 2024.[3]

---

[1] Dockets 1-3.

[2] Docket 1 at 2.

[3] Docket 5 (Notice of Change of Address).

Plaintiff alleges that on or about August 27, 2021, he fell off of his bunkbed, bit his lip, and broke his tooth.[4] At the time his injury allegedly occurred, Plaintiff claims he was assigned to a bunkbed in a portion of the gymnasium at FCC that had been converted into a housing area.[5] Plaintiff claims Superintendent Jeffords did not consider the safety of inmates housed in the gym and failed to provide safety rails on the bunk beds.[6] Plaintiff also claims Alaska Governor Dunleavy should not have allowed DOC to house inmates in the "illegal dorm" where the alleged incident occurred.[7] Additionally, Plaintiff alleges Paula Vrana, Commissioner of the Alaska Department of Administration, and Deputy Commissioner Dave Donley should not have allowed the gym to be converted into an inmate housing area, should not have allowed the housing area to pass an inspection, and should have notified Governor Dunleavy that the dorm was not safe for inmates to inhabit.[8] For relief, Plaintiff seeks damages in the amount of $5 million, but states he "would settle" for $3 million.[9]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's

---

[4] Docket 1 at 4-5.

[5] Dockets 1 at 11.

[6] Docket 1 at 6, 11.

[7] Docket 1 at 9.

[8] Docket 1 at 10-11.

[9] Docket 1 at 5.

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 2 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 2 of 16

Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[10] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

>    (i)   is frivolous or malicious;
>
>    (ii)  fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief against a defendant who is immune from such relief.[11]

In conducting its screening review, a district court must accept the allegations of the complaint as true, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[12] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[13] A federal court cannot act as

---

[10] 28 U.S.C. §§ 1915, 1915A.

[11] 28 U.S.C. § 1915(e)(2)(B).

[12] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[13] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 3 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 3 of 16

counsel for a self-represented litigant, such as by supplying the essential elements of a claim,[14] and it is not the Court's responsibility to review filings or exhibits to identify possible claims. Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[15] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[16]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[17] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[18]

---

marks and citation omitted).

[14] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[15] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). *See also United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (noting a court may consider "materials that are submitted with and attached to the Complaint") (citation omitted).

[16] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[17] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[18] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 4 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 4 of 16

**DISCUSSION**

**I.     Requirements to State a Claim**

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[19] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[20] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[21] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[23]

---

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[21] *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[22] *Ashcroft*, 556 U.S. at 678.

[23] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 5 of 16
Case 4:24-cv-00021-SLG     Document 6     Filed 01/21/25     Page 5 of 16

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[24] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[25] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[26] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[27]

## III. Plaintiff May Only Represent Himself

Although Plaintiff only named himself as a plaintiff, he raises concerns regarding the conditions of confinement affecting everyone housed in the converted gymnasium.[28] A non-attorney self-represented litigant may represent only his own interests,[29] and has "no authority to appear as an attorney for others

---

[24] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[25] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[26] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[27] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[28] Docket 1 at 9-12.

[29] 28 U.S.C. § 1654.

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 6 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 6 of 16

than himself."[30] Plaintiff cannot bring claims on behalf of other prisoners. Accordingly, the Court only considers the claims affecting Plaintiff personally, and if Plaintiff elects to file an amended complaint, he shall do so only on his own behalf.

### IV. Statute of Limitations

Plaintiff claims his injury occurred on or about August 27, 2021, and he was taken to the Fairbanks Memorial Hospital where he had a CT scan and an x-ray, and was given seven stitches in his lip.[31] Although he does not include the date he was allegedly taken to the hospital, the description of his treatment—such as the fact that he received stitches for his injury—suggests he went to the hospital the same day, or shortly after, the alleged incident.[32] He also claims he "found out [his] tooth was bust in half on February 27, 2024,"[33] even though the injury originally occurred two-and-a-half years earlier. Regardless of when Plaintiff discovered the extent to the injury to his tooth, the initial injury giving rise to his claims occurred nearly three years before he filed this suit. Therefore, his claims appear to be time-barred by the applicable two-year statute of limitations.

---

[30] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[31] Docket 1 at 4–5.

[32] Docket 1 at 7-8.

[33] Docket 1 at 4.

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 7 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 7 of 16

A statute of limitations bars claims after a specified time based on the date when the claim accrued. A federal claim accrues when the plaintiff knows or *should know* of the injury giving rise to the action.[34] If a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[35] Because Section 1983 does not contain its own statute of limitations, federal courts apply the state's statute of limitations for personal injury actions.[36] In Alaska, the statute of limitations for personal injury claims is two-years.[37] In any amended complaint, Plaintiff must include the specific dates each event allegedly occurred, and he should not include any claims based on events that occurred on or before August 21, 2022, as they would appear to be time-barred by the applicable two-year statute of limitations.

### V. Any claims for injunctive relief are mooted by Plaintiff's transfer

A prisoner's release from custody or transfer to a different facility "extinguishes his legal interest in an injunction because it would have no effect on him."[38] Because Plaintiff is no longer incarcerated at FCC, any claims for injunctive

---

[34] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024) (emphasis added). *See also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("[A]ccrual occurs when the plaintiff has a complete and present cause of action, ... that is, when the plaintiff can file suit and obtain relief.").

[35] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (upholding dismissal of self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[36] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[37] Alaska Statute § 09.10.070.

[38] *McQuillion v. Schwarzenegger,* 369 F.3d 1091, 1095 (9th Cir. 2004) (citing *Bernhardt v. Cnty. of L.A.,* 279 F.3d 862, 871 (9th Cir. 2002)); *see also Preiser,* 422 U.S. at 402–

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 8 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 8 of 16

relief are moot. Plaintiff seeks monetary damages and does not specifically request injunctive relief.[39] However, to the extent Plaintiff challenges the legality of his former housing unit at FCC or seeks any other injunctive relief, he must not bring such requests for injunctive relief in any amended complaint.

## VI. Plaintiff's claims against Paula Vrana, Mike Dunleavy, and Dave Donley are DISMISSED

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[40] Plaintiff's claims against Alaska Governor Mike Dunleavy, Commissioner Paula Vrana, and Deputy Commissioner Dave Donley all relate to their alleged involvement in "allowing" DOC to convert a portion of a gymnasium into a housing unit.[41] Plaintiff claims the housing unit is illegal and unsafe, and he appears to take issue with certain findings contained in an unidentified

---

03 (where prisoner challenges conditions of confinement and seeks injunctive relief, transfer to another prison renders request for injunctive relief moot absent evidence of an expectation that prisoner will be transferred back to offending institution); *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (prisoner's injunctive relief claim against state prison official is moot following transfer to federal prison).

[39] Docket 1 at 5.

[40] *Avalos v. Baca,* 596 F.3d 583, 587 (9th Cir. 2010); *see also Chaudhry v. Aragon*, 68 F.4th 1161, 1169 n.11-12 (9th Cir. 2023) (defining causation-in-fact and proximate causation).

[41] Docket 1 at 3.

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 9 of 16
Case 4:24-cv-00021-SLG    Document 6    Filed 01/21/25    Page 9 of 16

investigative report.[42] However, Plaintiff fails to allege or demonstrate specific facts as to how Defendants Dunleavy, Vrana, and Donley ignored an obvious risk to Plaintiff's health or safety or had knowledge of a substantial risk to his health or safety but failed to take reasonable measures to protect Plaintiff. Even liberally construed, Plaintiff's allegations are insufficient to state a plausible claim of a constitutional violation against these state officials.[43] The Court further finds that granting leave to amend to attempt to state such a claim against these officials would be futile. Therefore, Plaintiff's claims against Defendants Dunleavy, Vrana, and Donley are DISMISSED. In any amended complaint, Plaintiff may restate his claims for monetary relief as to Superintendent Jeffers only.

### VII. Plaintiff's remaining claims

Plaintiff claims involve an injury that occurred while he was at FCC in 2021. Plaintiff characterizes his claims as "personal injury" claims and seeks monetary damages. Personal injury claims are tort claims ground in state law and most typically addressed in state court.[44] "The Constitution 'does not mandate comfortable prisons,'"[45] and "conditions of confinement may be, and often are,

---

[42] Docket 1 at 10-11.

[43] *Cf. Rhodes,* 452 U.S. at 348-49 (holding an overcrowding claim based on theory that double celling was unconstitutional punishment failed, because the situation "did not lead to deprivations of essential food, medical care, or sanitation, [n]or did it increase violence among inmates or create other conditions intolerable for prison confinement").

[44] A federal court may exercise supplemental jurisdiction over related state claims that are related to any claims over which the court has established it has original jurisdiction. *See generally* 28 U.S.C. §§ 1331, 1367.

[45] *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman,* 452 U.S.

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 10 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 10 of 16

restrictive and harsh[.]"[46] However, a convicted prisoner may be able to state a claim under the Eighth Amendment's Cruel and Unusual Punishment Clause for injuries sustained while in custody.[47] To prevail on such claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements:

(1) the plaintiff faced a faced a substantial risk of serious harm;

(2) the defendant was deliberately indifferent to that risk, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

(3) the defendant's act or failure to act caused harm to the plaintiff.[48]

An Eighth Amendment claim based on deliberate indifference must satisfy both an objective and a subjective component test.[49] "In other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[50]

---

337, 349 (1981)).

[46] *Morgan v. Morgensen,* 465 F.3d 1041, 1045 (9th Cir. 2006).

[47] Plaintiff was a convicted prisoner when the alleged events occurred, and therefore, his claims would be brought under the Eighth Amendment. Docket 1 at 4. To the extent Plaintiff is alleging he was not provided with appropriate medical care, he has not named any individual responsible for his medical care, nor has he pled sufficient facts to establish that any individual was deliberately indifferent to his serious medical needs. Based on the facts pleaded, Plaintiff received medical attention shortly after his injury and was released from DOC custody.

[48] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.27 and the cases cited therein.

[49] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

[50] *Cortez v. Skol,* 776 F.3d 1046, 1050 (9th Cir. 2015) (quoting Farmer, 511 U.S> at

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 11 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 11 of 16

Whether a prison official met his or her duties to an inmate under the Eighth Amendment must also be considered in the context of the personnel, financial, and other resources available to the official or that he or she could reasonably obtain, at least when the official lacks authority over budgeting decisions.[51]

Because Plaintiff's alleged injuries occurred in August 2021, any claims stemming from the incident would appear to be barred by the applicable two-year statute of limitations, since Plaintiff did not file this case until August 21, 2024. The Court finds amendment is likely futile but will accord Plaintiff one opportunity to file an amended complaint to attempt to state a plausible claim for relief.

### VIII. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[52] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[53] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[54]

---

837).

[51] *Peralta v. Dillard*, 744 F.3d 1076, 1083-84 (9th Cir. 2014) (en banc) (holding that weighing the resources available for prison dental care and the security concerns related to providing care in prison was appropriate in determining if the defendants acted with deliberate indifference).

[52] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[53] Fed. R. Civ. P. 8(a)(2).

[54] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 12 of 16
Case 4:24-cv-00021-SLG  Document 6  Filed 01/21/25  Page 12 of 16

Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[55] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[56] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of this case by alleging new unrelated claims. An amended complaint must not include any defendants or claims that have been dismissed with prejudice or for which Plaintiff lacks a

---

scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[55] Fed. Rule Civ. Proc. 8(a)(2).

[56] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 13 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 13 of 16

sufficient legal or factual basis.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff's claims against Alaska Governor Mike Dunleavy, Commissioner Paula Vrana, and Deputy Commissioner Dave Donley are **DISMISSED with prejudice.**

3. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

**5.** Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 14 of 16
Case 4:24-cv-00021-SLG    Document 6    Filed 01/21/25    Page 14 of 16

6. Plaintiff is advised that federal law only allows for the Court to waive a prisoner's prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[57] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order for the collection of the filing fee.

7. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[58] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[59] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[57] 28 U.S.C. § 1915(b)(1)&(2).

[58] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[59] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 15 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 15 of 16

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[60] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 21st day of January 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[60] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Screening Order
Page 16 of 16
Case 4:24-cv-00021-SLG   Document 6   Filed 01/21/25   Page 16 of 16