# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL CHARLES PETERS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROB JEFFORDS, *et al.,*<br><br>　　　　　　Defendants. | Case No. 4:24-cv-00021-SLG |

## SECOND SCREENING ORDER

On January 21, 2025, the Court issued a Screening Order identifying the deficiencies in the Complaint and providing self-represented prisoner Paul Charles Peters ("Plaintiff") an opportunity to file an amended complaint that would address the deficiencies identified in the order.[1] On March 14, 2025, Plaintiff filed a First Amended Complaint ("FAC").[2] The FAC restates Plaintiff's Eighth Amendment claims against Defendant Jeffords and brings additional claims against new defendants not named in the original complaint.[3] For relief, Plaintiff requests monetary damages.[4]

The Court has now screened the FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Court finds that the FAC fails to state sufficient facts that, accepted as true, would establish a plausible, timely filed claim

---

[1] Docket 6.

[2] Docket 7.

[3] Docket 7 at 4-5.

[4] Docket 7 at 7.

for relief.[5] Therefore, the Complaint is DISMISSED. For the reasons explained in this order, Plaintiff's newly added claims against Alaska State Trooper ("AST") Albert Bell and Assistant District attorney ("ADA") Kathryn Mason are DISMISSED without leave to amend. However, Plaintiff is accorded **60 days** to file an amended complaint in which he restates his claim only as to Defendant Jeffords and in which he plausibly alleges facts that demonstrate he qualified for equitable tolling and/or equitable estoppel sufficient to overcome the applicable statute of limitations.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[7]

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is

---

[5] *See Belanus v. Clark,* 796 F.3d 1021, 1023 (9th Cir. 2015) (holding that dismissals on statute of limitations grounds can constitute a strike under § 1915(g) for failure to state a claim if it is clear from the face of the complaint that the claims are time-barred).

[6] 28 U.S.C. §§ 1915, 1915A.

[7] 28 U.S.C. § 1915(e)(2)(B).

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 2 of 14
Case 4:24-cv-00021-SLG   Document 9   Filed 08/04/25   Page 2 of 14

entitled to relief."[8]  A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the screening court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] Moreover, even if a complaint meets the pleading requirements, dismissal under § 1915 is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[10] However, before a time-barred claim is dismissed, a plaintiff should first be given an opportunity to address equitable tolling.[11]

## DISCUSSION

### I. Plaintiff's Eighth Amendment claim against Robert Jeffords

The FAC reasserts Plaintiff's Eighth Amendment Claim against Defendant Robert Jeffords related to an alleged injury after Plaintiff fell off of a bunk bed while in DOC custody on or about August 27, 2021.[12] As explained in the Court's first Screening Order, Plaintiff's claim against Defendant Jeffords is based on an event that occurred on or before August 21, 2022, and therefore appears to be time-barred by the applicable two-year statute of limitations.[13] A federal claim accrues

---

[8] Fed. R. Civ. P. 8(a)(2).

[9] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[10] *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

[11] *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply).

[12] Docket 7 at 3.

[13] Docket 6 at 8.

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 3 of 14
Case 4:24-cv-00021-SLG   Document 9   Filed 08/04/25   Page 3 of 14

when the plaintiff knows, or should know, of the injury on which the cause of action is based.[14] A claim ordinarily accrues on date of the injury.[15] Because Section 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions.[16] In Alaska, the statute of limitations for personal injury claims is two years.[17]

"Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[18] They also "ensure that claims are filed before essential evidence disappears."[19] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is generally proper, including when a plaintiff is self-represented.[20] A time-barred claim may be dismissed at the screening stage when the expiration of the applicable statute of limitations "is apparent on the face of the complaint."[21]

---

[14] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir.2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run"); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law").

[15] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

[16] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[17] Alaska Stat. § 09.10.070.

[18] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations omitted).

[19] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[20] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (upholding dismissal of self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[21] *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)) (internal quotation

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 4 of 14
Case 4:24-cv-00021-SLG     Document 9     Filed 08/04/25     Page 4 of 14

Here, the two-year statute of limitations had run as to the bunk bed incident, as the alleged bunk bed fall occurred in 2021, three years before this case was filed. However, in rare instances, a statute of limitations may be tolled. In Section 1983 cases, federal courts apply a forum state's law regarding tolling of a statute of limitations when not inconsistent with federal law.[22] Plaintiff was aware of his injury when he fell off the bunk bed, and the FAC fails to demonstrate that Plaintiff qualifies for equitable tolling or equitable estoppel under Alaska law that could overcome the applicable statute of limitations. However, before dismissing this claim as time-barred, Plaintiff will first be given an opportunity to plausibly allege facts that support either equitable tolling and/or equitable estoppel.[23]

### A. Equitable Tolling

Alaska law allows equitable tolling if the plaintiff is incompetent by reason of mental illness or mental disability at the time the cause of action accrues.[24] The "general test" for mental incompetency is "whether a person could know or understand his legal rights sufficiently well to manage his personal affairs."[25] "[T]his test does not measure whether a litigant *did* understand his or her legal rights, but

---

marks omitted), *cert. denied,* 131 S. Ct. 3055 (2011).

[22] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[23] *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting that dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply)).

[24] Alaska Stat. § 09.10.140(a).

[25] *Cikan v. ARCO Alaska, Inc.,* 125 P.3d 335, 340 (Alaska 2005) (quoting *Adkins v. Nabors Alaska Drilling, Inc.,* 609 P.2d 15, 23 (Alaska 1980)).

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 5 of 14

whether he or she is *capable* of understanding them."[26] The Alaska Supreme Court has acknowledged that some jurisdictions will also equitably toll a plaintiff's claims where "extraordinary circumstances" outside the plaintiff's control made it impossible for the plaintiff to timely assert a claim, noting that "[w]e have neither accepted nor rejected this theory of tolling."[25] However, courts may allow equitable tolling only if the extraordinary circumstances made the timely filing of the complaint impossible, not just difficult. The Alaska Supreme Court has held that major life stressors—such as illness, homelessness, or imprisonment—are insufficient to justify equitable tolling.[27]

### B. Equitable Estoppel

Equitable estoppel prevents a defendant from asserting a statute of limitations defense when the defendant's conduct has induced the plaintiff to delay filing suit. However, equitable estoppel is only available when the defendant's conduct has actively prevented the plaintiff from filing a timely suit.[28] To establish equitable estoppel, a plaintiff must plausibly allege facts that demonstrate "that he or she relied on the defendant's fraud by either consciously relying on an affirmative misrepresentation, or failing to discover fraudulently concealed

---

[26] *Richardson v. Municipality of Anchorage,* 360 P.3d 79, 87 (Alaska 2015) (emphasis in original).

[27] *Id.* (holding claims of mental health issues, lockdowns, or homelessness insufficient to toll the statute of limitations); *see also Kaiser v. Umialik,* 108 P.3d 876 (Alaska 2005) (finding divorce, jail, and illness did not justify tolling under Alaska's equitable doctrine).

[28] *Kaiser*, 108 P.3d at 880 ("A defendant may be estopped from raising a statute of limitations defense if the defendant wrongfully induced the plaintiff to delay bringing suit through fraud, misrepresentation, or deception.").

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 6 of 14
Case 4:24-cv-00021-SLG   Document 9   Filed 08/04/25   Page 6 of 14

evidence."[29]

Courts are cautious in applying equitable estoppel and will not toll the statute of limitations merely because a defendant remained silent or failed to volunteer adverse information. To benefit from equitable estoppel, Plaintiff must plead specific facts showing that Defendant affirmatively misled Plaintiff or otherwise induced delay in the filing of this lawsuit, that Plaintiff reasonably relied on Defendant's conduct, and that Plaintiff acted diligently once the basis for the delay was removed.

## II. Plaintiff's Two New Claims

The FAC alleges that on January 17, 2020, and November 21, 2020, Assistant District Attorney Kathryn Mason and Alaska State Trooper Albert Bell failed to disclose exculpatory evidence and violated Plaintiff's due process rights, which led to Plaintiff's wrongful arrest and imprisonment.[30] The FAC also suggests these new defendants should also be held liable for Plaintiff's alleged bunk bed injury because their actions led to his incarceration.[31]

When the Court grants a plaintiff leave to file an amended complaint, that leave is limited in scope.[32] The Court's prior order did not authorize the addition of

---

[29] *Law Offices of Steven D. Smith, P.C. v. Borg–Warner Security Corp.,* 993 P.2d 436, 446 (Alaska 1999).

[30] Docket 7.

[31] Docket 7 at 4-5.

[32] *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (a plaintiff may not amend the complaint "to introduce a new legal theory or new facts" absent express leave). *See also United States v. Taibi,* 965 F.3d 16, 22 (9th Cir. 2020) ("When a court grants leave to amend for a specific purpose, any amendment beyond that purpose is

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 7 of 14
Case 4:24-cv-00021-SLG   Document 9   Filed 08/04/25   Page 7 of 14

unrelated defendants or claims. Instead, Plaintiff was specifically instructed that in any amended complaint, "he shall not unjustifiably expand the scope of this case by alleging new unrelated claims."[33] Because the new claims against new defendants exceed the scope of the leave granted, they are subject to dismissal on that basis alone. Moreover, state defendants cannot be held liable for alleged injuries sustained while a plaintiff was in custody solely because they initiated, or were otherwise involved in pursuing, the criminal charges that led to the incarceration. Therefore, Plaintiff's claims against Defendants Bell and Mason arising from the bunk bed fall are DISMISSED with prejudice.

Further, Plaintiff was not authorized to bring new claims for wrongful arrest or incarceration in an amended complaint in this case, as such claims would be improperly joined[34] and also appear to be time-barred by the relevant statute of limitations.[35] Although the included state court orders suggest two criminal charges

---

improper."); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990) (holding that leave to amend does not allow a plaintiff to assert "new and different claims not raised in the original complaint").

[33] Docket 6 at 13.

[34] Rule 20(a) of the Federal Rules of Civil Procedure allows a plaintiff to join multiple defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action. *See also* Fed. R. Civ. P. 18(a).

[35] *See Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that the statute of limitations for wrongful arrest and imprisonment claims under Section 1983 generally begins to run when the claimant is detained pursuant to legal process, such as an arraignment. After that point, "any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."). *See also Lacey v. Maricopa County,* 693 F.3d 896, 919 (9th Cir. 2012) (en banc) ("To claim malicious prosecution, a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right, and that the

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 8 of 14
Case 4:24-cv-00021-SLG   Document 9   Filed 08/04/25   Page 8 of 14

filed against Plaintiff were dismissed and several petitions to revoke his probation were withdrawn, the criminal cases were filed in 2020 and the dismissals occurred in August 2021.[36]

Should Plaintiff wish to pursue any claims against Defendants Bell or Mason, he must do so in a new case. It is Plaintiff's responsibility to understand the nature and elements of the claims he wishes to bring, and to ensure that any such claims are properly pleaded, timely filed, and not barred by legal doctrines such as *Heck v. Humphrey*[37] or prosecutorial immunity.[38]

### III. Filing a Second Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[39] An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[40] Rule 10(b) of the

---

criminal proceeding was resolved in the plaintiff's favor.") (quotation and citations omitted).

[36] Docket 7-1 at 3-5. Plaintiff also included an apparently unrelated order dated January 11, 2021, releasing him for time served on a probation revocation filed on November 11, 2019. Docket 7-1 at 1.

[37] *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding a § 1983 claim for damages that would necessarily imply the invalidity of a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated).

[38] *Imbler v. Pachtman*, 424 U.S. 409, 431–32 (1976) (holding that a prosecutor is absolutely immune for wrongful prosecution leading to incarceration); *see also Awabdy v. City of Adelanto,* 368 F.3d 1062, 1066–69 (9th Cir. 2004) (extending *Imbler* to shield prosecutors from malicious prosecution claims even if the conviction is later overturned).

[39] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[40] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 9 of 14
Case 4:24-cv-00021-SLG     Document 9     Filed 08/04/25     Page 9 of 14

Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." Although Plaintiff is being given an opportunity to file a second amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims.

If Plaintiff chooses to file a second amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant. Plaintiff must not attempt to serve any Defendant until the Court so orders.

If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim. If an amended complaint is dismissed as frivolous, malicious, or for failure to state a claim, and the case is closed, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[41]

---

the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[41] *Spencer v. Barajas*, 140 F.4th 1061 (9th Cir. 2025).

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 10 of 14
Case 4:24-cv-00021-SLG   Document 9   Filed 08/04/25   Page 10 of 14

### IV. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[42] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[43] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[44] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[45] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[46] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[47]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's First Amended Complaint at **Docket 7 is DISMISSED**.

---

[42] 28 U.S.C.A. § 1915(g).

[43] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[44] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[45] *Andrews,* 493 F.3d at 1056 (cleaned up).

[46] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[47] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 11 of 14
Case 4:24-cv-00021-SLG   Document 9   Filed 08/04/25   Page 11 of 14

2. Plaintiff's **claims against Defendants Bell and Mason are DISMISSED without leave to amend.**

3. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>Second Amended Complaint</u>, in which he restates his claims **only as to Defendant Jeffords** that plausibly alleges facts that may qualify Plaintiff for equitable tolling and/or equitable estoppel sufficient to overcome the applicable statute of limitations. An amended complaint must not include any claim against Defendants Bell or Mason. The Second Amended Complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

4. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

5. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[48] Should

---

[48] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 12 of 14
Case 4:24-cv-00021-SLG   Document 9   Filed 08/04/25   Page 12 of 14

Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

6.  If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[49]  Failure to comply may result in dismissal of this action.

7.  Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[50]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8.  Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9.  At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[51]  The Notice shall not include requests for any other relief.

---

[49]  The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[50]  Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[51]  *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 13 of 14
Case 4:24-cv-00021-SLG   Document 9   Filed 08/04/25   Page 13 of 14

A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 4th day of August 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:24-cv-00021-SLG, *Peters v. Jeffords, et al.*
Second Screening Order
Page 14 of 14
Case 4:24-cv-00021-SLG    Document 9    Filed 08/04/25    Page 14 of 14